**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LEXINGTON DIVISION**

| | |
|---|---|
| Ryan Jones-Duren<br>4032 Clearwater Way<br>Lexington, KY 40515<br><br>and<br><br>Taylor Jones-Duren<br>4032 Clearwater Way<br>Lexington, KY 40515<br><br>  Plaintiffs,<br><br>v.<br><br>Allied Interstate, Inc.<br>3000 Corporate Exchange Dr., Floor 5<br>Columbus, OH 43231<br><br>  Defendant. | Case No.:<br><br>Judge:<br><br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

**FACTS COMMON TO ALL COUNTS**

2. Plaintiffs Ryan Jones-Duren ("Ryan") and Taylor Jones-Duren ("Taylor") are "consumers" as defined by 15 U.S.C. §1692a(3).

3. Plaintiffs are legally married.

4. Plaintiffs incurred a "debt" as defined by 15 U.S.C. §1692a(5).

5. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

8. On or around March 16, 2009, Defendant telephoned Plaintiffs and spoke to Taylor.

9. During this communication, Defendant spoke to Plaintiff in a harassing, oppressive, and abusive manner.

10. During this communication, Defendant threatened to take legal action against Plaintiffs if Plaintiffs did not pay the debt.

11. On or around March 27, 2009, Defendant telephoned Ryan's father ("Len").

12. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Len.

13. During this communication, Defendant represented to Len that Defendant would take legal action against Plaintiffs if the debt was not paid.

14. At the time of these communications, Defendant had neither the intent nor the ability to prosecute Plaintiffs.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692d in that Defendant used obscene and/or abusive language during its communications in connection with the collection of the debt.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

23. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

24. Defendant violated 15 U.S.C. §1692e in that it falsely represented the character, amount, and/or legal status of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692e in that it threatened action that could not legally be taken and/or that was not intended to be taken.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

27. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692e by making misrepresentations during its communications with Plaintiffs.

## COUNT SEVEN

### Violation of the Fair Debt Collection Practices Act

29. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT EIGHT

### Invasion of Privacy by Public Disclosure of a Private Fact

31. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

32. Defendant released information which was private to Plaintiff and concerned Plaintiffs' private life to Ryan's father.

33. Defendant's disclosure of Plaintiffs' debt and the threat of legal action to this person is highly offensive.

34. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

35. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

36. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

    c. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Macey & Aleman, P.C.

        By: */s/ Debbie D. Bowman*
        Debbie D. Bowman (Bar No. 84274)
        332 West Broadway, Suite 300
        Louisville, KY 40202
        Tel:  1.866.339.1156
        Fax: 1.312.822.1064
        ddb@legalhelpers.com
        *Attorney for Plaintiff*